In the Matter of LEO M. O'NEIL, Petitioner.
BOARD OF ESTIMATE OF CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, January 18, 1943.

*Sigmund Metz* for petitioner.

*William C. Chanler, Corporation Counsel (Hortense M. Wittstein* of counsel), for respondent.

BERNSTEIN, J. This is an application to compel the Board of Estimate of the City of New York to issue four duplicate bonds in place of four nonregistered bearer bonds of the city, issued on December 1, 1940, to mature on June 1, 1980, which are alleged to have been stolen from the petitioner. The application is based upon section 20 of article 2 of the General Municipal Law, which expressly refers to " lost or destroyed " bonds, and is opposed upon the ground that the authority of the statute does not extend to stolen bonds. The court is unable to subscribe to that view. The statute is remedial and was intended to protect a bondholder against all loss

through misadventure where adequate protection is at the same time secured for the municipality. The term " lost " is defined to mean " when the owner has lost possession or custody of [the article], involuntarily and by any means, but more particularly by accident or his own negligence or forgetfulness, and when he is ignorant of its whereabouts or cannot recover it by an ordinary diligent search." (Black's Law Dictionary, [2d ed.].) The circumstance that the city might, at some future time, incur the risk of double liability, by reason of the fact that an innocent purchaser for value would take good title to the bonds (*Gruntal* v. *United States Fidelity and Guarantee Co.*, 254 N. Y. 468), is not controlling for that risk is amply provided for by the requirement of security.

Since, however, the statute upon which this application is based contemplates a preliminary inquiry into the fact of loss, the motion will be granted only to the extent of referring that question to Honorable EDWARD J. GAVEGAN, as official referee, to hear and report thereon with his opinion. Pending the coming in of the report of said referee, decision upon the motion and upon the conditions, if any, to be imposed in connection therewith will be held in abeyance.